Karen CHOPURYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70571.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Victoria Bezman, Esq., Law Offices of Victoria Bezman, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Keith Bernstein, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark A. Merva, Esq., U.S. Department of Justice Liberty Place Building, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Karen Chopuryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the deni-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

al of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Chopuryan's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening the proceedings given the agency's adverse credibility determination. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

■ To the extent Chopuryan seeks review of the BIA's underlying order affirming an immigration judge's decision denying Chopuryan's applications for asylum, withholding of removal, and protection under the CAT, we lack jurisdiction because the instant petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996). Chopuryan has waived his contentions regarding ineffective assistance of counsel by failing to raise those contentions in his opening brief. *See id.* at 1259–60 (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**